IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CITY OF DARDANELLE and YELL
COUNTY WILDLIFE FEDERATION, INC.                             PLAINTIFFS

v.                          No. 4:14-cv-98-DPM

DEPARTMENT OF TRANSPORTATION;
FEDERAL HIGHWAY ADMINISTRATION;
ARKANSAS STATE HIGHWAY &
TRANSPORTATION DEPARTMENT;
RIVER VALLEY REGIONAL INTERMODAL
AUTHORITY; and DEPARTMENT
OF DEFENSE, United States Army
Corps of Engineers, Little Rock District                     DEFENDANTS

## ORDER

A stumble at the threshold prevents this Court from addressing, at this point, the deep issues in the complaint by Dardanelle and the Yell County Wildlife Federation about the planned intermodal facility in the Russellville Bottoms along the Arkansas River.

*First*, the unopposed motion to supplement the administrative record, № 162, is granted. The Court appreciates the Defendants' effort to locate the contract between the River Valley Regional Intermodal Facilities Authority and Parsons Infrastructure and Technology Group and bring it into the record. This agreement, though, confirms a problem rather than eliminating one.

*Second*, when a contractor is used to prepare an environmental impact statement, this non-governmental actor must "execute a disclosure statement prepared by the lead agency . . . specifying that [the contractor has] no financial or other interest in the outcome of the project." 40 C.F.R. § 1506.5(c).* This statement is in service of the government's regulatory duty to avoid conflicts of interest as it fulfills its National Environmental Protection Act obligations. *Ibid.* In 2004, when Parsons was retained, neither the Federal Highway Administration nor the Corps of Engineers prepared such a statement for Parsons. The contractor didn't prepare one either. The Authority and Parsons made the deal about who would draft the environmental impact statement. The Highway Administration had, by then, indicated that it would not move forward without this full environmental study. And Judge Billy Roy Wilson had preliminarily enjoined the Corps from doing so. All this was because the slack water harbor was only a part of the intermodal facility project, which aimed to bring together river, rail, and highway-related facilities. No. 4:03-cv-176-BRW, Order № 8.

---

* The regulation allows the disclosure statement to be prepared another way. A contractor can do it, with oversight from the responsible federal official and subject to that official's independent evaluation and adoption. 40 C.F.R. § 1506.5(c). This alternative route must be contemplated by the contract for the work. It doesn't seem applicable here.

The Authority/Parsons contract appears to be a form agreement for Arkansas State Highway and Transportation Department projects that will be funded, at least in part, by federal dollars. FHWA 13476–13551. The contract contains certifications. Parsons certified three things: it hadn't paid anybody to get the contract; it hadn't promised (as a condition for getting the contract) to hire anybody to do some of the work; and it hadn't made, or promised to make, any contribution or donation to secure the contract. FHWA 13531. These certifications echoed a covenant in the agreement. FHWA 13493. In the second certification, the Authority confirmed that Parsons hadn't been required to hire anybody, or pay anybody, to get the contract. FHWA 13532.

The record is, at this point, unclear about who prepared the Authority/Parsons contract and its appended certifications. Put that issue to one side. What is clear is that these certifications don't suffice under 40 C.F.R. § 1506.5(c). Parsons didn't say that it had no financial interest in whether this intermodal facility got approved. And Parsons didn't say that it had no other interest in the project's outcome. The absence of a compliant disclosure statement violated NEPA's implementing regulations.

*Third*, the Court is unpersuaded by the Defendants' arguments for overlooking this gap in the record.

The issue was not waived. The law's requirement is clear. No citizen need have spoken to preserve the right to complain about this kind of noncompliance. *Department of Transportation v. Public Citizen*, 541 U.S. 752, 764–65 (2004). To their credit, the Highway Administration, and later the Corps, caught this gap during the last stages of their reviews. FHWA 8771; COE 1052. Inquiries were made. The Arkansas State Highway and Transportation Department assured the Highway Administration that it had the proper disclosure statement on file. FHWA 8777. All it had, though, was the no-bribes certifications. The inquiries had been prompted in part by a 2006 public comment about possible conflicts of interest. FHWA 5147–5151. The comment was not directed at Parsons, but it cited 40 C.F.R. § 1506.5, and spoke generally about firms and people who might "gain from their involvement in the location, study, construction[,] or need of a proposed project." FHWA 5151. And the supplemental environmental impact statement's response to this comment was all about Parsons. FHWA 9481. No waiver occurred here.

The Defendants fall back to harmless error. They point out that these same NEPA-implementing regulations say a "trivial violation" doesn't create an independent cause of action under the statute. 40 C.F.R. § 1500.3. This is surely right. Defendants also rely on precedent from other circuits holding that this kind of violation shouldn't invalidate an environmental impact statement. *Citizens Against*

*Burlington, Inc. v. Busey IV*, 938 F.2d 190 (D.C. Cir. 1991); *Utahns for Better Transportation v. Department of Transportation*, 305 F.3d 1152 (10th Cir. 2002). This Court agrees that the "objectivity and integrity" of the NEPA process is the real issue. *Citizens Against Burlington*, 938 F.2d at 202. Here, Dardanelle and the Yell County Wildlife Federation have made detailed arguments from the administrative record that Parsons's work was clouded by a predisposition toward the Russellville Bottoms site first proposed and eventually approved. The Court hasn't made up its mind about the merits. But a fair evaluation of Parsons's work requires consideration of what, if anything, Parsons stood to gain from this project's outcome. That fact is material on whether Parsons was objective or biased. And it bears generally on whether this NEPA process had integrity or not. In this case, the missing statement is not a trivial matter.

*Fourth*, the Highway Administration must therefore promptly get a disclosure statement from Parsons about the River Valley Intermodal Facilities Project that complies with 40 C.F.R. § 1506.5(c). If the Highway Administration finds that a conflict of interest existed, then it must promptly decide what responding measures to take.

\* \* \*

Third supplemental administrative record limited to these issues due by 6 April 2018. Simultaneous ten-page responding briefs due

fourteen calendar days after this record is filed. The Court will consider the merits promptly thereafter.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

5 March 2018